NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5751-14T3
 A-0192-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JASON E. MCKINNON, a/k/a JASON
E. MORRIS,

 Defendant-Appellant.
____________________________

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GARY MADDOX, a/k/a GARY FOSTER,

 Defendant-Appellant.
_____________________________

 Submitted (A-5751-14) and Argued (A-0192-15)
 October 11, 2017 – Decided November 17, 2017

 Before Judges Hoffman and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Indictment No.
 07-09-0124.
 Joseph E. Krakora, Public Defender, attorney
 for appellant Jason E. McKinnon (Suzannah
 Brown, Designated Counsel, on the brief).

 Kelly Anderson Smith argued the cause for
 appellant Gary Maddox.

 Christopher S. Porrino, Attorney General,
 attorney for respondent in A-5751-14 (Emily
 R. Anderson, Deputy Attorney General, of
 counsel and on the brief).

 Claudia J. DeMitro, Deputy Attorney General,
 argued the cause for respondent in A-0192-15
 (Christopher S. Porrino, Attorney General,
 attorney; Ms. DeMitro, of counsel and on the
 brief).

 Appellant Jason E. McKinnon filed a pro se
 supplemental brief.

PER CURIAM

 Co-defendants Jason McKinnon and Gary Maddox appeal from

orders denying their petitions for post-conviction relief (PCR).

In these back-to-back appeals, which we consolidate for purposes

of this opinion, we affirm because neither defendant established

a prima facie case of ineffective assistance of trial or appellate

counsel.

 I.

 The charges against defendants arose out of evidence

collected during a State Police narcotics investigation. Using a

confidential informant (CI), the State Police made a series of

 2 A-5751-14T3
controlled purchases of drugs from defendants. Investigators also

obtained a wiretap warrant and recorded numerous phone calls

between defendants and other individuals.

 Defendants were tried together in 2009. At trial, the State

presented testimony from a detective and the CI detailing the

controlled buys from both defendants. The State also introduced

and played numerous recorded phone calls about narcotic

transactions involving defendants and other individuals.

 In addition, the State presented testimony from an individual

who supplied cocaine to both defendants. That supplier told the

jury that he engaged in multiple narcotics transactions with

defendants over the course of several years. He testified that

he supplied Maddox with cocaine, observed Maddox selling pills,

and Maddox told him he sold methamphetamine. The supplier also

testified that between 2006 and 2007, he supplied McKinnon with

approximately one kilogram of cocaine per week and that McKinnon

was his main customer.

 The State's evidence also detailed other persons who worked

with defendants. Specifically, the State played numerous recorded

conversations between defendants, during which they discussed

certain associates who could complete a kilogram sale of cocaine

with the CI. The evidence established that many of defendants'

associates were close friends and family members.

 3 A-5751-14T3
 When the State Police arrested defendants, they also executed

search warrants. During the search of Maddox's home, the police

seized small amounts of cocaine and marijuana, money orders and

receipts totaling $10,000, approximately $3000 in United States

currency, and eight vehicles. A search of a storage unit owned

by McKinnon resulted in the seizure of over eight ounces of

cocaine, cutting agents for cocaine, sealing and packaging

materials, and a Smith & Wesson .375 magnum revolver.

 After hearing the testimony and considering the evidence

presented at trial, a jury convicted both defendants of first-

degree racketeering, N.J.S.A. 2C:41-2(c); first-degree leading a

narcotics trafficking network, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:35-

3; and related first-, second-, and third-degree drug offenses.

McKinnon was also convicted of second-degree certain persons not

to have weapons, N.J.S.A. 2C:39-7.

 Defendants were sentenced in August 2009. On the convictions

for first-degree leader of a narcotics trafficking network, both

defendants were sentenced to life in prison with thirty years of

parole ineligibility. On the convictions for racketeering,

defendants were sentenced to fifteen years in prison to run

consecutively to the life sentence. On all other convictions,

defendants were sentenced to concurrent prison terms.

 4 A-5751-14T3
Accordingly, both Maddox and McKinnon were sentenced to aggregate

prison terms of life plus fifteen years.

 Each defendant filed direct appeals and we affirmed both

defendants' convictions and sentences in a consolidated opinion.

State v. Maddox, No. A-1856-09 (App. Div. July 8, 2013). The

Supreme Court denied defendants' petitions for certification.

State v. Maddox, 217 N.J. 285 (2014).

 On June 30, 2014, both defendants filed self-represented

petitions for PCR. Defendants were each assigned counsel who

filed additional briefs and materials in support of their

petitions. Defendants also filed supplemental papers in support

of their petitions.

 Judge Michele M. Fox denied Maddox's petition in an oral

opinion and order dated May 8, 2015. Judge Fox denied McKinnon's

petition, without oral argument, in a written opinion and order

dated May 29, 2015.

 Defendants now appeal those orders. Because defendants

presented some of the same arguments, and because the underlying

convictions were the result of one trial, we address defendants'

appeals in this consolidated opinion.

 II.

 On this appeal, Maddox raises the following arguments, which

he articulates as follows:

 5 A-5751-14T3
 POINT I – THE COURT ERRED IN DENYING DEFENDANT
 AN EVIDENTIARY HEARING.

 POINT II – DEFENDANT'S COUNSEL PROVIDED
 INEFFECTIVE ASSISTANCE OF COUNSEL.

 A. Trial Counsel, as well as
 Appellate Counsel, Failed to
 Adequately Address, Prepare, and
 Defend against the Charge of a
 Leader of a Narcotics Organization.

 B. The Failure of Trial Counsel to
 Make Critical Objections Throughout
 the Trial Denied the Defendant a
 Fair Trial as Guaranteed by the
 Constitution.

 POINT III – THE PCR COURT ERRED IN DENYING
 DEFENDANT AN EVIDENTIARY HEARING TO CONSIDER
 A JUROR WHO FAILED TO FULLY DISCLOSE KNOWLEDGE
 OF THE CASE AND WHO OPENLY DISREGARDED
 JUDICIAL DIRECTIONS NOT TO DISCUSS THE TRIAL.

 POINT IV – DEFENDANT'S POST-CONVICTION RELIEF
 COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF
 COUNSEL.

 POINT V – COUNSEL'S CUMULATIVE ERRORS RESULTED
 IN A MANIFEST INJUSTICE.

In his reply brief, Maddox agues:

 POINT I – THE TRIAL COURT IMPROPERLY RENDERED
 A WRITTEN DECISION PRIOR TO ORAL ARGUMENT.

McKinnon presents the following arguments:

 POINT I – THE LOWER COURT ERRED IN DENYING MR.
 MCKINNON'S PETITION FOR POST-CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING.

 POINT II – THE PCR COURT ERRED IN DENYING MR.
 MCKINNON'S PETITION FOR POST CONVICTION RELIEF

 6 A-5751-14T3
 WITHOUT AFFORDING POST CONVICTION RELIEF
 COUNSEL AN OPPORTUNITY TO PRESENT ORAL
 ARGUMENT.

 POINT III – THE MATTER SHOULD BE REMANDED FOR
 A NEW PCR HEARING AND THE ASSIGNMENT OF NEW
 PCR COUNSEL BECAUSE R. 3:22-6(d) WAS VIOLATED.

 Defendants' petitions arise from the application of Rule

3:22-2, which permits collateral attack of a conviction based upon

a claim of ineffective assistance of counsel within five years of

the conviction. See R. 3:22-12(a)(1); see also Strickland v.

Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.

2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). To

establish a claim of ineffective assistance of counsel, a defendant

must satisfy the two-part Strickland test by showing: (1) "counsel

made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment[,]" and

(2) "the deficient performance prejudiced the defense."

Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed.

2d at 693 (quoting U.S. Const. amend. VI); Fritz, supra, 105 N.J.

at 58-59 (adopting the Strickland two-part test in New Jersey).

 Rule 3:22-10(b) provides that a defendant is only entitled

to an evidentiary hearing if he or she establishes a prima facie

case in support of PCR. Moreover, there must be "material issues

of disputed fact that cannot be resolved by reference to the

 7 A-5751-14T3
existing record," and the court must determine that "an evidentiary

hearing is necessary to resolve the claims for relief." State v.

Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). To

establish a prima facie case, a defendant must demonstrate "the

reasonable likelihood of succeeding under the test set forth in

Strickland." State v. Preciose, 129 N.J. 451, 463 (1992).

 In her oral opinion issued on April 24, 2015, and May 8,

2015, Judge Fox analyzed all of the arguments put forward by Maddox

in support of his petition. She then applied the well-established

law and found that Maddox had not presented a prima facie showing

of ineffective assistance by either his trial or appellate counsel.

On May 29, 2015, Judge Fox issued a forty-eight page opinion where

she analyzed the arguments put forward by McKinnon. After

addressing all of those arguments, including the arguments

McKinnon made on his own behalf, Judge Fox denied McKinnon's PCR

petition. Having reviewed defendants' arguments on these appeals,

we affirm the denial of their petitions for PCR substantially for

the reasons explained by Judge Fox in her detailed oral and written

opinions.

 We also address two arguments only raised by defendants on

these appeals. First, defendants contend that Judge Fox improperly

rendered her decisions prior to affording them oral argument.

Second, McKinnon argues that his matter should be remanded for a

 8 A-5751-14T3
new PCR hearing and the assignment of new PCR counsel because he

contends that Rule 3:22-6(d) was violated. We find no merit in

either of these arguments, and we will analyze them in turn.

 A. The Alleged Failure to Hear Oral Argument

 Judge Fox conducted three hearings on Maddox's PCR petition.

She heard oral argument on March 20, 2015, and April 24, 2015.

She then read a prepared opinion into the record on April 24,

2015, and May 8, 2015. Nevertheless, Maddox contends that Judge

Fox did not afford him a real opportunity to be heard because she

interrupted his counsel during oral argument and had a prepared

decision before hearing all of counsel's arguments.

 Judge Fox conducted one hearing on May 29, 2015, to address

McKinnon's PCR petition. At the beginning of that hearing, the

judge informed counsel that she had a prepared written opinion,

which she handed out to both counsel. McKinnon was also present

and he was provided with a copy of the opinion. McKinnon's PCR

counsel thanked the judge, stated that he would review the opinion

with McKinnon, and did not ask to present oral argument.

 Our Supreme Court has emphasized "that there is a strong

presumption in favor of oral argument in connection with the

initial petition for post-conviction relief." State v. Parker,

212 N.J. 269, 283 (2012) (citing State v. Mayron, 344 N.J. Super.

382, 387 (App. Div. 2001)). The purpose of oral argument is to

 9 A-5751-14T3
ensure that defendant has a full hearing and that all his or her

positions are presented and understood by the PCR court. The

Court has also explained that a PCR judge has some "residuum of

discretion" not to hear oral argument, but the judge must explain

why oral argument is not necessary. Parker, supra, 212 N.J. at

282. Thus, the Court explained that

 when a trial judge does reach the
 determination that the arguments presented in
 the papers do not warrant oral argument, the
 judge should provide a statement of reasons
 that is tailored to the particular
 application, stating why the judge considered
 oral argument unnecessary. A general
 reference to the issues not being particularly
 complex is not helpful to a reviewing court
 when a defendant later appeals on the basis
 that the denial of oral argument was an abuse
 of the trial court's discretion.

 [Ibid. at 282-83.]

 Here, we find no abuse of discretion. Maddox was afforded

oral argument. While his current counsel contends that Judge Fox

interrupted oral argument, a review of the transcript discloses

that she listened carefully to the arguments that were presented

and asked questions where appropriate. Just as critically, the

record discloses that Judge Fox carefully considered all of the

arguments put forward by Maddox and addressed those arguments in

detail.

 10 A-5751-14T3
 In addressing McKinnon's PCR petition, Judge Fox conducted a

brief hearing. Critically, PCR counsel for McKinnon did not ask

to present oral argument or supplement the arguments that had been

set forth in his brief, as well as the brief McKinnon prepared

himself. Importantly, Judge Fox's detailed written opinion

addressed all of McKinnon's arguments. Thus, the record here

establishes that McKinnon had a full and fair opportunity to

present all of his arguments.

 B. The Alleged Violation of Rule 3:22-6(d)

 McKinnon contends that his PCR counsel violated Rule 3:22-

6(d) by not listing, or incorporating by reference, all of the

contentions made by McKinnon in his pro se petition. Thus,

McKinnon requests that his matter be remanded and that he be

assigned a new PCR counsel and afforded a new PCR hearing.

 Rule 3:22-6(d) states that assigned PCR counsel should

advance "all of the legitimate arguments requested by defendant

that the record will support." The rule goes on to provide that

"[i]f defendant insists upon the assertion of any grounds for

relief that counsel deems to be without merit, counsel shall list

such claims in the petition or amended petition or incorporate

them by reference. Pro se briefs can also be submitted."

 Here, the record establishes that Judge Fox considered all

of the contentions raised by defendant himself, as well as his PCR

 11 A-5751-14T3
counsel. McKinnon filed a pro se petition. PCR counsel

subsequently filed a brief in support of McKinnon's petition and

made additional arguments. McKinnon also submitted a

certification in which he made additional contentions. Judge Fox

addressed each of the points McKinnon raised in her comprehensive

written decision. Accordingly, defendant received the PCR court's

full consideration of all of his arguments.

 The orders denying both defendants' PCR petitions are

affirmed.

 12 A-5751-14T3