782 A.2d 437 (2001)
344 N.J. Super. 382
STATE of New Jersey, Plaintiff-Respondent,
v.
Gary Joseph MAYRON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 2, 2001.
Decided October 17, 2001.
Peter A. Garcia, Acting Public Defender, attorney for appellant (Michael C. Kazer, Designated Counsel, on the brief).
John J. Farmer, Jr., Attorney General, attorney for respondent (Nancy A. Hulett, Deputy Attorney General, of counsel and on the brief).
Before Judges PRESSLER, WEFING and CIANCIA.
The opinion of the court was delivered by CIANCIA, J.A.D.
This is an appeal from the denial of post-conviction relief wherein no oral argument was provided on the petition. Following the guilt phase of a capital prosecution, defendant Gary J. Mayron was found guilty by a jury in 1989 of purposeful murder, N.J.S.A. 2C:11-3a(1), and of *438 first-degree kidnapping of the victim, N.J.S.A. 2C:13-1b. Following the penalty phase, the jury did not unanimously agree that the aggravating factors outweighed the mitigating factors and defendant's life was spared. He was sentenced to a life term subject to thirty years of parole ineligibility on the murder conviction, and to a consecutive term of thirty years subject to fifteen years of parole ineligibility on the kidnapping conviction. On direct appeal we affirmed the judgment of conviction. State v. Mayron, No. A-2876-89T4 (App. Div. December 3, 1993). The Supreme Court subsequently denied certification. State v. Mayron, 135 N.J. 468, 640 A.2d 849 (1994).
In November 1994 defendant filed a timely petition for post-conviction relief. Therein, he set forth the following contentions:
1. DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL, ARMED WITH MEDICAL REPORTS REVEALING THAT DEFENDANT WAS SUFFERING FROM A MENTAL DIMINISHED CAPACITY, RELIED ON THE TESTIMONY OF PSYCHOLOGIST ONLY AT THE PENALTY PHASE, NOT AT THE GUILT PHASE, THUS DENYING DEFENDANT HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL; WHEN COUNSEL FAILED TO USE A PEREMPTORY CHALLENGE TO EXCUSE JUROR NUMBER FOUR, WHEN HIS VOIR DIRE PROVED HE WAS PREJUDICIAL TO THE DEFENDANT; ALL VIOLATIONS OF DEFENDANT'S 5TH AND 6TH AMENDMENT RIGHTS TO BOTH THE STATE AND FEDERAL CONSTITUTIONS.
A. Defendant was denied effective assistance of counsel when trial counsel failed to pursue a diminished capacity defense when such defense was supported by expert medical records and expert medical evaluations.
B. Defendant was subjected to ineffective assistance of counsel when trial counsel failed to use a peremptory challenge in excusing juror number 4, when it was shown through voir dire that this juror was prejudicial towards defendant and not a good candidate for a juror.
2. THE DEFENDANT WAS SUBJECTED TO PROSECUTORIAL MISCONDUCT WHEN THE PROSECUTOR EGREGIOUSLY LIED TO THE JURY, STATING THAT THE VICTIM HAD BEEN ANALLY SODOMIZED; REFERRED TO THE VICTIM AS AN INNOCENT CHILD; WHEN THE PROSECUTOR EXPRESSED HIS PERSONAL VIEWS; ALL VIOLATIONS OF DEFENDANT'S 5TH, 6TH AND 14TH AMENDMENT RIGHTS TO BOTH THE STATE AND FEDERAL CONSTITUTIONS.
A. The prosecutor falsely stated that the victim was sodomized by the defendant, solely to inflame the passions of the jury against the defendant.
B. The prosecutor committed impropriety and prosecutor misconduct when he referred to the victim, an adolescent, as a child, and expressed the personal opinions of the prosecution.
3. THE APPELLATE DIVISION ERRED BY NOT REVERSING *439 DEFENDANT'S CONVICTION WHEN IT RULED THAT DEFENDANT'S 5TH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED.
Counsel was assigned and filed a brief on behalf of defendant alleging the identical issues. Counsel's brief and defendant's pro se memorandum of law were also identical. The State filed a letter brief in response, alleging in part that certain portions of the trial record had not been provided.
In November 1999 defendant's petition for post-conviction relief was denied on the papers. The court issued a written decision addressing defendant's contentions on the merits and ultimately concluding that defendant had raised issues that could have and should have been raised on direct appeal, as well as issues previously addressed by the Appellate Division. Defendant now appeals contending that he was entitled to an evidentiary hearing and further, that he was denied the effective assistance of counsel on post-conviction relief.
We do not reach the merits of defendant's contentions because we are satisfied that in the present circumstances defendant's petition should not have been disposed of on the papers. Counsel should have been allowed oral argument before a determination was reached as to whether defendant's contentions warranted an evidential hearing pursuant to the standards set forth in State v. Preciose, 129 N.J. 451, 609 A.2d 1280 (1992). Accord State v. Marshall, 148 N.J. 89, 158, 690 A.2d 1, cert. denied, 522 U.S. 850, 118 S.Ct. 140, 139 L. Ed.2d 88 (1997).
There is no court rule that specifically permits oral argument on a petition for post-conviction relief. On at least one occasion we have affirmed the denial of post-conviction relief without oral argument. State v. Flores, 228 N.J.Super. 586, 550 A.2d 752 (App.Div.1988), certif. denied, 115 N.J. 78, 556 A.2d 1220 (1989). Whether oral argument before the post conviction relief court is necessary and appropriate is currently left to the sound discretion of that court. In our view, that discretion should be generally exercised in favor of oral argument. We note that litigants are entitled to oral argument on civil motions, except where the motion involves pretrial discovery or calendar matters. R. 1:6-2(d). The availability of oral argument on criminal motions is implicit within the language of R. 1:6-2(a). In this court, any appeal, regardless of its nature, includes oral argument if any party to the appeal makes such a request. R. 2:11-1(b). The issues at stake on an initial petition for post-conviction relief are no less significant than those typically presented when the court rules ensure oral argument.
Post-conviction relief is an important component of the criminal process provided to defendants. It is New Jersey's analog to the federal writ of habeas corpus. State v. Afanador, 151 N.J. 41, 49, 697 A.2d 529 (1997); Preciose, supra, 129 N.J. at 459, 609 A.2d 1280. It is a safeguard that ensures that a defendant was not unjustly convicted. State v. Afanador, supra, 151 N.J. at 49, 697 A.2d 529; State v. McQuaid, 147 N.J. 464, 482, 688 A.2d 584 (1997). Indeed, it has been held that a capital defendant cannot demand the dismissal of a post-conviction application brought on his behalf, although without his consent. State v. Martini, 144 N.J. 603, 614-617, 677 A.2d 1106 (1996), cert. denied, 519 U.S. 1063, 117 S.Ct. 699, 136 L.Ed.2d 621 (1997).
As noted, in Flores, supra, we affirmed the denial of post-conviction relief without argument, but that case involved circumstances very different from those of the present appeal. There, defendant was pro *440 se and we noted the language of R. 3:22-10 that permits, but does not mandate, defendant's presence when a petition is heard. We also stated that resolution of the issue raised by defendant, "did not require the taking of oral testimony," a consideration that actually addressed the concomitant absence of an evidential hearing. In fact, Flores has been read as upholding "the trial court's denial of an evidentiary hearing where the post-conviction relief petition alleged excessive sentencing." Preciose, supra, 129 N.J. at 462, 609 A.2d 1280; accord Marshall, supra, 148 N.J. at 158, 690 A.2d 1. Unlike the present case, the sole issue raised in Flores was uncomplicated and clearly lent itself to disposition without oral argument. We ultimately held that the sentencing issue raised there was not cognizable on post-conviction relief. Flores, supra, 228 N.J.Super. at 595, 550 A.2d 752.
As stated in Preciose, "[b]y contrast [with the issue raised in Flores] a defendant's claim of ineffective assistance of ... counsel is more likely to require an evidentiary hearing because the facts often lie outside the trial record and because the attorney's testimony may be required." Preciose, supra, 129 N.J. at 462, 609 A.2d 1280. A fortiori, oral argument on the petition is more likely required to determine the need, if any, for an evidentiary hearing. Flores should not be read for the broad proposition that oral argument is unnecessary or unimportant on a first petition for post-conviction relief. In State v. Marshall, supra, 148 N.J. at 158, 690 A.2d 1, Justice Stein repeated the direction from Preciose that in ascertaining whether a defendant is entitled to an evidentiary hearing the facts are to be "viewed in the light most favorable to defendant." Such an evaluation is typically assisted by oral argument from counsel.
The question of whether oral argument is granted on a petition for post-conviction relief remains within the sound discretion of the post-conviction relief court. That discretion is guided by such considerations as the apparent merits and complexity of the issues raised, whether the petition is an initial application, whether argument of counsel will add to the written positions that have been submitted, and in general, whether the goals and purposes of the post-conviction procedure are furthered by oral argument. In our view, there should be a significant presumption in favor of oral argument. In light of what is at stake for a defendant, a safeguard designed to ensure that a defendant was not unjustly convicted should be provided in a meaningful manner.
Because this matter must be remanded for oral argument on defendant's petition, we do not address the contention that defendant did not receive effective assistance of counsel on his application for post-conviction relief pursuant to State v. Velez, 329 N.J.Super. 128, 746 A.2d 1073 (App. Div.2000). Reversed and remanded for oral argument on defendant's petition for post-conviction relief. We do not retain jurisdiction.