**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3566-14T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

WILLIAM DYKEMAN,

      Defendant-Appellant.

_____

Argued March 13, 2017 — Decided March 23, 2017

Before Judges Nugent, Haas and Currier.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 03-05-0435.

Steven M. Gilson, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Mr. Gilson, on the brief).

Kimberly L. Donnelly, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Grace H. Park, Acting Union County Prosecutor, attorney; Bryan S. Tiscia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant William Dykeman appeals from the August 25, 2014 Law Division order denying his petition for post-conviction relief ("PCR") without oral argument or an evidentiary hearing. We reverse and remand for oral argument and further consideration of the merits of defendant's position.

The facts developed at defendant's trial are set forth at length in our decision on defendant's direct appeal of his conviction and sentence. State v. Dykeman ("Dykeman I"), No. A-0445-05 (App. Div. Mar. 4, 2009), certif. denied, 199 N.J. 542 (2009). Therefore, only a brief summary is necessary here.

In a seventeen-count indictment, a grand jury charged defendant with committing various offenses against four separate women. Id. at 1. Following a jury trial, defendant was convicted of three counts of second-degree sexual assault by committing an act of sexual penetration using physical force or coercion, N.J.S.A. 2C:14-2(c)(1) (counts one, eight, and fifteen); three counts of third-degree criminal restraint, N.J.S.A. 2C:13-2(a) (counts two, five, and twelve); two counts of third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (counts four and nine); and two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (counts eleven and seventeen). Id. at 1-2. The jury found defendant not guilty of the remaining charges. Id. at 2.

The trial judge sentenced defendant to a nine-year prison term, subject to the 85% parole ineligibility provisions of the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, on counts one, eight, and fifteen to be served consecutively to each other; a consecutive four-year term on count two, and concurrent terms on the remaining counts. Id. at 2. Accordingly, defendant received an aggregate sentence of thirty-one years, subject to twenty-seven years of parole ineligibility under NERA. Ibid.

Defendant appealed his conviction and sentence. Ibid. We affirmed defendant's conviction, but remanded the matter for resentencing under State v. Natale, 184 N.J. 458 (2005). Id. at 14.

On remand, the trial judge reimposed the original sentence. Defendant filed another direct appeal, and we affirmed the sentence. State v. Dykeman ("Dykeman II"), No. A-6044-08 (App. Div. Feb. 7, 2012), certif. denied, 212 N.J. 462 (2012).

In August 2009, defendant filed a petition for PCR. In the brief prepared on defendant's behalf by his PCR counsel, and in his own pro se submissions, defendant presented approximately twenty-four points for the trial court's review. Among other things, defendant argued that: (1) the trial judge made incorrect evidentiary rulings; (2) the indictment should have been dismissed; (3) various counts of the indictment should have been

severed for purposes of trial; (4) the prosecutor engaged in misconduct; and (5) he needed additional discovery to present more PCR challenges.

Defendant also asserted that his trial attorney was ineffective because he did not: (1) file various motions that defendant believed should have been filed; (2) include certain arguments in his summation; and (3) arrange for replacement counsel for defendant because their relationship "had deteriorated to the point where effective representation was impossible." Defendant requested oral argument in connection with the trial court's consideration of his petition for PCR.

The trial judge denied defendant's petition in a written decision without conducting oral argument. The judge found that many of defendant's arguments had been raised and rejected on direct appeal, or could have been raised during those proceedings. Thus, the judge ruled that these claims were procedurally barred by Rule 3:22-4(a) and Rule 3:22-5.

With regard to defendant's claims of ineffective assistance by his trial and appellate attorneys, the judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), which requires a showing that counsel's

performance was deficient and that, but for the deficient performance, the result would have been different.[1]

Citing State v. Parker, 212 N.J. 269, 282-83 (2012), the trial judge acknowledged that oral argument on a petition for PCR should ordinarily be granted. However, the judge stated at the conclusion of his written decision that "oral argument would not have been helpful because defendant fail[ed] to establish a prima facie case in favor of relief." This appeal followed.

On appeal, defendant raises the following contentions in the brief submitted by his attorney:

> POINT I
>
> DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE APPELLATE AND PCR COUNSEL WERE INEFFECTIVE FOR FAILING TO PURSUE DEFENDANT'S BEING DEPRIVED OF HIS RIGHT TO SECURE HIS CHOICE OF COUNSEL; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS. (NOT RAISED BELOW).
>
> POINT II
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO HAVE KEY WITNESSES TESTIFY.

---

[1] The trial judge noted that defendant had also submitted "voluminous briefs and exhibits which either raise[d] meritless, frivolous legal arguments, or [did] not articulate any discernable argument[.]" Therefore, the judge found that these matters did "not merit any further discussion."

POINT III

DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE TRIAL, APPELLATE, AND PCR COUNSEL WERE INEFFECTIVE FOR FAILING TO PURSUE THE PROSECUTOR'S UNDULY PREJUDICIAL AND CUMULATIVE COMMENTS, WHICH EMPLOYED EPITHETS TO DEMEAN DEFENDANT, BOLSTERED THE CREDIBILITY OF THE ALLEGED VICTIMS, AND INJECTED HIS PERSONAL BELIEF REGARDING DEFENDANT'S GUILT; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS. (PARTIALLY RAISED BELOW).

POINT IV

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS REGARDING INADEQUATE INVESTIGATION AND INADEQUATE CONSULTATION.

POINT V

THIS MATTER MUST BE REMANDED BECAUSE DEFENDANT WAS NOT AFFORDED LEGAL ARGUMENT. (NOT RAISED BELOW).

Defendant raises the following arguments in a supplemental pro se submission:

POINT I

THE TRIAL COURT ERRONEOUSLY DEPRIVED [DEFENDANT] OF THE SIXTH AMENDMENT RIGHT TO COUNSEL OF CHOICE, NOT SUBJECT TO HARMLESS-ERROR ANALYSIS, AND IS SO CLEARLY IN VIOLATION OF THE CONTROLLING LAW SO AS TO BE PROPERLY TREATED AS A SUMMARY DISPOSITION MATTER UNDER U.S. V. GONZALEZ-LOPEZ AS WELL AS WELL SETTLED

THIRD CIRCUIT AND U.S. SUPREME COURT CASE LAW DIRECTLY ON POINT.

(A)(1)    HISTORICAL RELEVANT FACTS.

(A)(2)    HISTORY — WERE THE PARTIES READY FOR TRIAL?

(A)(3)    EFFORTS TO SECURE NEW COUNSEL.

(A)(4)    EFFORTS TO COMMUNICATE WITH [THE TRIAL JUDGE].

(A)(5)    LEGAL ARGUMENT AND ANALYSIS BASED ON THE FAILURE TO CONDUCT ANY BALANCING TEST OR TO ASCERTAIN WHAT WAS REALLY GOING ON WITH DEFENSE COUNSEL . . . IN 2003 AND 2004.

Because we agree with defendant's contention in Point V of his attorney's brief that the trial judge should have conducted oral argument before deciding defendant's petition for PCR, we are constrained to reverse the judge's decision.

We initially note that although "[t]here is no court rule that specifically permits oral argument on a petition for [PCR]," State v. Mayron, 344 N.J. Super. 382, 385-87 (App. Div. 2001), there is a presumption in favor of oral argument. Parker, supra, 212 N.J. at 282. Moreover, a trial judge is vested with the discretion to disallow it. Id. at 281 (citing State v. Mayron, supra, 344 N.J. Super. at 386-87).

However, if a judge eschews oral argument, he or she must "provide a statement of reasons that is tailored to the particular

application, stating why the judge considers oral argument unnecessary." Id. at 282. In determining whether to grant oral argument, the trial judge should consider "the apparent merits and complexity of the issues . . . , whether argument of counsel [would] add to the written positions . . . , and in general, whether the goals and purposes of the post-conviction procedure are furthered by oral argument." Id. at 282 (alterations in original) (quoting Mayron, supra, 344 N.J. Super. at 387).

In his written decision, the trial judge did not consider any of the Parker factors. Instead, the judge merely stated that defendant "fail[ed] to establish a prima facie case in favor of relief" and, therefore, oral argument was not necessary. This terse explanation was insufficient to meet the requirements of Parker. Given the apparent complexity of the many issues raised by defendant and his attorney, we are convinced that the judge should have conducted oral argument before deciding defendant's petition.

Accordingly, we reverse the August 25, 2014 order denying defendant's petition for PCR and remand to the Law Division for oral argument on the petition and a new decision on the merits.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3566-14T2