# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4218-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WALDEMAR ALVAREZ,

    Defendant-Appellant.

_____

> Submitted January 8, 2019 – Decided  January 23, 2019
>
> Before Judges Yannotti and Natali.
>
> On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 09-08-0688.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on March 6, 2017, which denied his petition for post-conviction relief (PCR). We reverse.

On August 26, 2009, a Cumberland County grand jury returned Indictment No. 09-08-0688 charging defendant with: two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4), N.J.S.A. 2C:4-2(b) (counts one and two); and two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (counts three and four).

On April 12, 2010, defendant pled guilty to count one, which was amended to charge fourth-degree sexual contact, N.J.S.A. 2C:14-3(b), and count three. In exchange for defendant's plea, the State agreed to recommend an eighteen-month custodial term. Defendant would be subject to Parole Supervision for Life (PSL), N.J.S.A. 2C:43-6.4, and Megan's Law, N.J.S.A. 2C:7-1 to -23; required to provide a DNA sample; and appropriate monetary fees and penalties would be imposed.

The record shows that defendant completed a plea form, which set forth the terms of the plea agreement. Defendant also responded to questions regarding sexual offenses on a separate form. Among other things, defendant was asked if he understood he may be required to register under Megan's Law, and that upon his release from incarceration, he could be subject to notification

to law enforcement authorities and the community at large. Defendant was asked if he understood that if sentenced to PSL, he would be subject to parole supervision for at least fifteen years after he completed serving his sentence. He also was asked if he understood that the conditions of PSL could include counseling and "restrictions on where [he could] live, work, travel[,] or [the] persons" he could contact. Defendant circled "Yes" after these questions.

At the plea hearing, the judge also questioned defendant about PSL. In response to these questions, defendant stated that he understood he would be subject to parole supervision for at least fifteen years after he served his prison sentence. He also stated that he understood the conditions of PSL could include "counseling and . . . restrictions on where [he could] live, work, travel or the persons [he could] contact."

Defendant then provided a factual basis for his plea. He stated that on March 10, 2009, he touched the breasts of a fourteen or fifteen-year-old girl identified as C.R. In addition, defendant stated that on April 6, 2009, he touched the breasts of a thirteen-year-old girl identified as P.R., in a manner "that would debauch her morals." The judge accepted defendant's plea.

On September 10, 2010, another Law Division judge sentenced defendant. The judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3)

(risk that defendant will commit another offense); and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law). The judge also found mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12) (defendant's willingness to cooperate with law enforcement authorities), but the judge gave that factor "slight weight."

The judge sentenced defendant in accordance with the plea agreement, and imposed the sentence the State recommended. The judge also awarded defendant 442 days of jail credits. The judge filed a judgment of conviction dated September 23, 2010.

On December 17, 2015, defendant filed a pro se PCR petition in the Law Division. The court assigned PCR counsel for defendant, and thereafter defendant's attorney filed an amended PCR petition in which defendant claimed "his plea . . . was not knowing and voluntary and resulted from ineffective assistance of counsel."

Among other things, defendant alleged his trial attorney failed to explain fully the conditions of Megan's Law and PSL, including the impact such conditions would have on his ability to reside with and maintain relationships with his children. Defendant also claimed his trial attorney failed to investigate potential defense witnesses.

4

Defendant acknowledged that he filed his petition more than five years after the date his JOC was entered, but he asserted this "was the result of excusable neglect and his continuing failure to understand the significance of pleading to an agreement that involved 'Megan's Law' and [PSL] obligations." He stated that the court should permit him to withdraw his plea, or in the alternative, strike the provisions of the sentence requiring him to comply with Megan's Law and imposing PSL. Defendant requested an evidentiary hearing on his petition.

In support of the petition, defendant's PCR counsel submitted a letter brief and a certification of Jeffrey Wilcher, defendant's godfather. In his certification, Wilcher stated he was with defendant in a hotel in Bridgeton from April 12, 2009, to April 18, 2009, when defendant "left by bus to visit his mother in Florida." Wilcher said he asked defendant to have his attorney contact him, so he could testify at trial. Wilcher stated that neither defendant's attorney nor an investigator contacted him.

On September 30, 2016, defendant's PCR counsel and the assistant prosecutor appeared before the PCR court. Defendant was present. PCR counsel asked the judge to postpone any disposition of the petition until after defendant's release, because defendant wanted to locate a potential witness and

5

interview her. PCR counsel suggested that the judge adjourn the matter until a date in January 2017.

The judge stated that he would adjourn the hearing to January 27, 2017. PCR counsel asked if there would be oral argument. The judge indicated that there would be oral argument, and stated that at that time, "we're going to know what's going on[.]"

The judge did not, however, hear oral argument on January 27, 2017. Moreover, there is nothing in the record before us indicating that defendant or his attorney waived oral argument.

The PCR judge filed a written opinion dated March 6, 2017. The judge found the petition was barred by Rule 3:22-12(a)(1) because it was filed more than five years after the date the JOC was entered. The judge noted that defendant had not shown that his failure to file a timely petition was due to excusable neglect, or that "enforcement of the time bar would result in a fundamental injustice."

The judge nevertheless considered the merits of defendant's claims, and found that defendant had failed to establish a prima facie case of ineffective assistance of counsel. The judge determined that when he entered his plea, defendant was fully informed of the conditions and consequences of Megan's

Law and PSL, and the record did not support defendant's claim that his trial attorney failed to investigate potential defense witnesses.

The judge stated that Wilcher's assertion that he was with defendant from April 12 to 18, 2009, did not provide an alibi for the subsequent offenses that were committed on March 10, 2009, and April 6, 2009. In addition, the judge noted that defendant had not provided a certification or affidavit from the other witness, who allegedly could have testified that the allegations of one of the victims were false.

The judge also considered defendant's application for permission to withdraw his plea or strike the provisions of the sentence requiring compliance with Megan's Law and declaring that he is subject to PSL. The judge reviewed the factors under State v. Slater, 198 N.J. 145, 157-58 (2009). The judge found: (1) defendant did not assert a colorable claim of innocence, (2) defendant's reasons for withdrawing his plea are not valid, (3) the sentence is the result of a negotiated plea, and (4) the State would be unduly prejudiced if required to proceed with a case in which the charges were then almost eight-years old.

The judge entered an order dated March 6, 2017, denying PCR. This appeal followed. On appeal, defendant argues:

POINT ONE
THIS MATTER MUST BE REMANDED FOR ORAL ARGUMENT.

POINT TWO
IN THE ALTERNATIVE, [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM HIM ADEQUATELY OF THE REQUIREMENTS AND CONSEQUENCES OF [PSL] AND MEGAN'S LAW, AND FAILING TO CONDUCT ADEQUATE PRETRIAL INVESTIGATION.

POINT THREE
IN THE ALTERNATIVE, [DEFENDANT]'S GUILTY PLEA VIOLATED HIS RIGHT TO DUE PROCESS AND MUST BE SET ASIDE AS NOT KNOWING OR VOLUNTARY BECAUSE HE WAS MISINFORMED AS TO ITS PENAL CONSQEUNCES.

POINT FOUR
THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT]'S PETITION WAS TIME BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

As noted, in Point One, defendant argues that the PCR court erred by failing to conduct oral argument on his petition.

8

"There is no court rule that specifically permits oral argument on a petition for [PCR]." State v. Mayron, 344 N.J. Super. 382, 385 (App. Div. 2001). However, "there is a strong presumption in favor of oral argument in connection with an initial petition for [PCR]." State v. Parker, 212 N.J. 269, 283 (2012). In determining whether to grant oral argument, the court should consider several factors, including "the apparent merits and complexity of the issues . . . , whether argument of counsel [would] add to the written positions . . . , and in general, whether the goals and purposes of the [PCR] procedure are furthered by oral argument." Id. at 282 (alterations in original) (quoting Mayron, 344 N.J. Super. at 384).

The decision on whether to entertain oral argument on a PCR petition is committed to "the sound discretion of the [PCR] court." Mayron, 344 N.J. Super. at 387. When the PCR court determines oral argument is not needed, "the [court] should provide a statement of reasons that is tailored to the particular application, stating why the [court] considers oral argument unnecessary." Parker, 212 N.J. at 282.

Here, the record does not show why the PCR court did not conduct oral argument on defendant's petition. As stated previously, on September 30, 2016, PCR counsel and the assistant prosecutor appeared in court, and the judge

granted defendant's request to postpone the proceeding until January 27, 2017. PCR counsel asked the judge whether there would be oral argument on the petition, and the judge replied affirmatively, indicating he would hear oral argument. The judge directed PCR counsel to advise him if a further adjournment was needed.

On appeal, the State asserts that sometime after that proceeding, "defendant's counsel instructed the court off-the-record and without certification that no further argument would be necessary." There is, however, nothing in the record before us to support the State's assertion that defendant or his attorney waived oral argument. Moreover, in his opinion the judge did not state that defendant had waived oral argument, and the judge did not explain why oral argument was not needed.

Therefore, we are constrained to conclude the PCR court mistakenly exercised its discretion by failing to entertain oral argument on defendant's petition. Accordingly, we reverse the order of March 6, 2017, denying PCR, and remand the matter to the PCR court for oral argument and reconsideration of defendant's claims. In view of our decision, we need not address the arguments raised in Points Two, Three, and Four of defendant's brief.

Reversed and remanded to the Law Division for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION