**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2449-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN G. CAVALUCCI,

     Defendant-Appellant.

_____

Submitted April 30, 2019 – Decided May 10, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 07-08-0877.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Amanda E. Nini, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jonathan Cavalucci appeals from a December 8, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant contends that his PCR counsel rendered ineffective assistance. He also maintains the PCR court committed error in denying his petition on procedural grounds, and seeks a remand for the court to consider his petition on the merits. After reviewing the record in light of the applicable legal principles, we vacate the denial of PCR and remand for the court to conduct oral argument on defendant's petition.

On January 8, 2010, defendant plead guilty to one count second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). In exchange for his guilty plea, the State recommended a five and one-half year period of incarceration with a three-year period of parole ineligibility, consistent with the Graves Act, N.J.S.A. 2C:43-6(c) (2010), and agreed to a dismissal of the remaining three counts in the indictment, along with charges in two other indictments.

On April 23, 2010, defendant appeared for sentencing. At sentencing, defendant also plead guilty to an unrelated simple assault charge. With respect to that offense, the prosecutor agreed to a six-month sentence, concurrent to the five and one-half year sentence on the possession of a firearm for an unlawful

purpose charge. The trial court sentenced defendant in accordance with the plea agreements. Defendant did not file a direct appeal of his convictions.

On May 9, 2016, approximately six years after his April 23, 2010 conviction, defendant filed a pro se PCR petition. In his handwritten petition, defendant requested the appointment of counsel and alleged his plea counsel was ineffective based on his failure to explain his PCR rights. Defendant also maintained he was not guilty of the charges because he was acting in the defense of others, and did not have an unlawful purpose when he discharged the gun. Over a year later, on May 30, 2017, the court appointed PCR counsel.

On September 25, 2017, the court held a conference with the prosecutor and PCR counsel. According to the parties, the court requested the submission of briefs addressing the "timeliness" of the PCR petition "so that the court might address that issue prior to any substantive issues."

PCR counsel submitted a four-page brief limited to the timeliness issue. PCR counsel did not submit a supplemental certification of defendant, or any other sworn statements. Instead, PCR counsel stated in his brief that he was advised by defendant that while defendant was preparing a PCR petition for a separate conviction "he came to understand and appreciate the five-year timeframe . . . and filed the present matter as quickly as practicable." PCR

3

counsel also stated defendant's plea counsel "ineffectively advised [defendant] as to numerous issues surrounding the underlying matter" and that "enforcement of the time bar in these circumstances would be tantamount to a fundamental injustice." The brief failed to list, or discuss, however, the "numerous issues," or how enforcement of the five-year bar would result in a "fundamental injustice."

The PCR court denied defendant's petition in a December 8, 2017 order, without conducting oral argument or an evidentiary hearing. In its written decision issued the same day, the PCR court found that the judge who accepted defendant's plea explained to defendant his PCR rights and the time limitations to file a petition under Rule 3:22-12(a)(1). The court concluded that "defendant's failure to timely file his petition for post-conviction relief was not a product of excusable neglect," and was therefore time-barred. This appeal followed.

On appeal before us, defendant argues:

> POINT I
>
> DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF SHOULD BE REMANDED WITH INSTRUCTIONS TO THE TRIAL COURT TO ORDER THE OFFICE OF THE PUBLIC DEFENDER TO APPOINT NEW PCR COUNSEL WHO WILL FULFILL HIS OR HER OBLIGATION TO PROVIDE

4

DEFENDANT WITH THE EFFECTIVE ASSISTANCE OF PCR COUNSEL.

POINT II

THE TIME BAR OF [RULE] 3:22-12 SHOULD NOT BE APPLIED TO DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT DID NOT BECOME AWARE HE HAD NOT WAIVED HIS RIGHT TO FILE HIS PCR UNTIL HE WAS ARRESTED IN ANOTHER JURISDICTION.

With respect to his first point, defendant relies on State v. Parker, 212 N.J. 269 (2012), and asserts that among the errors committed by PCR counsel, was his failure to "insist that the PCR court hear oral argument on the time bar issue in the presence of defendant." In support of his second point, defendant contends that because the PCR court "failed to hear oral argument on the time bar issue, and refused to allow either defendant or PCR counsel an opportunity to present the merits" of the petition, "the PCR court did not have a record to support its ruling that defendant failed to establish excusable neglect" for purposes of relaxing the time bar. We conclude it was error for the PCR court to decide defendant's PCR petition without oral argument, and without explaining the basis for its decision to dispense with oral argument.

In Parker, the Supreme Court held there is a "significant presumption in favor of oral argument" on a first PCR petition. Ibid. (quoting State v. Mayron,

5

344 N.J. Super. 382, 387 (App. Div. 2001)). The Court added that the PCR judge retains a "residuum of discretion" in deciding whether oral argument should be held, but the judge must approach the issues raised with a view in favor of hearing oral argument. Ibid. Significantly, "when the trial judge does reach the determination that the arguments presented in the papers do not warrant oral argument, the judge should provide a statement of reasons that is tailored to the particular application, stating why the judge considers oral argument unnecessary." Ibid.

Here, the PCR judge did not hold oral argument, and his December 8, 2017 written decision did not address the reasons the court may have concluded it was unnecessary. Based on the issues raised on appeal, we remand for the trial court to permit oral argument and to reconsider denial of defendant's PCR petition. In view of our decision, we need not address the merits of the arguments raised in Points One and Two of defendant's brief.

The order denying PCR is vacated and the matter is remanded to the Law Division for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2449-17T1