**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0143-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JIHAD JOHNSON,

    Defendant-Appellant.

_____

Submitted May 11, 2020 – Decided May 29, 2020

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 02-06-2336.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This is an appeal of the denial of post-conviction relief ("PCR") without an evidentiary hearing.

In May 2004, defendant Jihad Johnson pled guilty to third-degree aggravated assault, third-degree possession of a weapon for an unlawful purpose, and fourth-degree possession of a weapon. Consistent with the plea agreement, the trial court imposed a four-year sentence to be served concurrent with other sentences defendant was serving on other charges. Defendant did not appeal his sentence.

About twelve years later, defendant filed a PCR petition alleging ineffective assistance of his plea counsel. He contends he was mentally incompetent at the time he gave his guilty plea, and that counsel was ineffective in failing to have him examined.

The trial court denied the PCR petition on the papers. Its opinion found that defendant's petition is time-barred under Rule 3:22-12(a)(1). In addition, the court found no merit to defendant's contentions of mental illness, which are not supported by any medical evidence and which are inconsistent with his sworn assertions during his plea hearing that he was thinking clearly.

On appeal, defendant argues that the trial court improperly denied him a chance to present oral argument on his PCR petition, in violation of State v. Parker, 212 N.J. 269 (2012). He further argues that he is entitled to an evidentiary hearing,

as to both the merits and the court's rejection of his procedural claim of excusable neglect.

In Parker, the Supreme Court instructed there is a "strong presumption" that oral argument on initial PCR applications is desired, even if, as is the case here, a defendant does not expressly request it.  Id. at 283; see also State v. Mayron, 344 N.J. Super. 382, 387 (App. Div. 2001).

Parker also requires the court to express detailed reasons for overcoming the presumption and denying oral argument on an initial PCR application.  As the Court stated:

> Further, when the trial judge does reach the determination that the arguments presented in the papers do not warrant oral argument, the judge should provide a statement of reasons that is tailored to the particular application, stating why the judge considers oral argument unnecessary. A general reference to the issues not being particularly complex is not helpful to a reviewing court when a defendant later appeals on the basis that the denial of oral argument was an abuse of the trial judge's discretion.
>
> [Id. at 282-83.]

Notably, since Parker was decided, the Supreme Court has issued several remand orders directing trial courts to conduct oral argument on initial PCR matters. See, e.g., State v. J.R., 226 N.J. 210 (2016); State v. Daniels, 225 N.J. 338 (2016); State v. Scott, 225 N.J. 337 (2016);  State v. Mitchell, 217 N.J. 300 (2014).

3

In the present case, oral argument was not provided, and no detailed reasons for overcoming the presumption are contained in the court's decision. Consequently, we remand this matter for oral argument in accordance with Parker.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0143-18T2