**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1060-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPHER H. BLANK,

    Defendant-Appellant.

_____

> Submitted December 14, 2021 – Decided March 25, 2021
>
> Before Judges Rothstadt and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 06-08-1914.
>
> Christopher H. Blank, appellant pro se.
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an October 17, 2019 order denying his second petition for post-conviction relief (PCR). Defendant, who is self-represented, argues that the prosecutor impermissibly withheld exculpatory evidence in the form of a hospital toxicology report that revealed the presence of cocaine in defendant's blood. Defendant also raises a procedural argument, claiming the PCR court erred by not granting his request for oral argument. Our review of the record confirms that defendant's request for oral argument was overlooked and that the PCR court offered no reasons for denying that request. The State's appellate brief, moreover, fails to address defendant's procedural argument even though it is clearly set forth in a point heading in defendant's brief. In these circumstances, we are constrained to remand the matter for the PCR court to conduct an oral argument.

I.

Because we deem it necessary to remand on the procedural issue, we need only briefly summarize the circumstances leading to this appeal. Defendant was convicted by a jury of twelve counts including three counts of first-degree attempted murder of law enforcement officers and three counts of second-degree aggravated assault of those officers. At trial, the State presented evidence that defendant resisted arrest when officers attempted to execute an outstanding

2

warrant. During the struggle, defendant wrested a gun from one of the officers and shot her multiple times beneath her bullet-proof vest.

Defendant was sentenced to an aggregate 85-year term of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed his conviction and sentence on direct appeal. State v. Blank, A-5815-07T1 (App. Div. Apr. 13, 2011). The Supreme Court denied certification. State v. Blank, 208 N.J. 339 (2011). We affirmed the denial of defendant's first petition for PCR, which alleged ineffective assistance of counsel. State v. Blank, A-4717-12T4 (App. Div. Nov. 20, 2014). The Supreme Court again denied certification. State v. Blank, 221 N.J. 287 (2015).

Defendant thereafter filed a second PCR petition, which is the matter before us. Defendant now contends that the prosecutor withheld allegedly exculpatory evidence in the form of a hospital toxicology report that showed cocaine in defendant's blood. Defendant claims that withholding this evidence deprived him the opportunity to mount an intoxication or diminished capacity defense. The PCR court wrote a letter to defendant explaining that it would treat the motion as a motion for a new trial based on newly discovered evidence under Rule 3:20-1, noting that a newly discovered toxicology report fell outside the scope of post-conviction relief. The court denied defendant's claim for relief

after applying the three-part test for newly discovered evidence set forth in <u>State v. Carter</u>, 85 N.J. 300 (1981). The court reasoned that the toxicology report was not "new" evidence but merely corroborated other evidence of defendant's substance abuse. The court also found that defendant failed to establish that the prosecutor was aware of the hospital toxicology report. Defendant thus failed to establish that the State had the report in its possession and breached its duty to turn it over in discovery.

Defendant raises the following contentions for our consideration:

<u>POINT I</u>

THE IMPROMPTU DISMISSAL OF DEFENDANT'S <u>CARTER</u> AND <u>BRADY</u> CLAIMS AT THE PLEADING STAGE WAS ERRONEOUS, AS DEFENDANT'S PETITION COMPLIED WITH PROCEDURAL/TIMELINESS REQUIREMENTS AND HAD <u>PRIMA</u> <u>FACIE</u> MERIT

<u>POINT II</u>

THE ADJUDICATIVE PROCESS EMPLOYED WAS FUNDAMENTALLY UNFAIR, AS DEFENDANT LACKED AN ASSIGNED ATTORNEY AND HAD NO OPPORTUNITY TO ENGAGE IN FACTUAL SUBSTANTIATION, BRIEFING, AND ORAL ARGUMENT

II.

<u>Rule</u> 3:22 generally explains the procedures for handling PCR petitions. The Rules are silent, however, with respect to whether and in what

4

circumstances a defendant is entitled to oral argument. In <u>State v. Flores</u> we stated:

> Initially, we find nothing in <u>R.</u> 3:22-1 et seq. requiring that a hearing be conducted on a post-conviction relief petition. Specifically, our court rules are barren of any provision mandating that oral argument be heard whenever a petition is filed. Instead, <u>R.</u> 3:22-10 states that "[a] defendant in custody may be present in court" in the exercise of the judge's discretion and is "entitled to be present when oral testimony is adduced on a material issue of fact within his personal knowledge." In the context of the facts present here, we perceive no abuse of the trial court's discretion in disposing of defendant's petition on the papers submitted. We emphasize that resolution of the issues raised by defendant did not require the taking of oral testimony. While we do not doubt that it was within the power of the court to require oral argument, we discern no statutory or procedural provision compelling it to adopt this course. <u>See</u> <u>R.</u> 3:22-11.
>
> [228 N.J. Super. 586, 589–90 (App. Div. 1988) (alteration in original).]

In <u>State v. Mayron</u>, we re-affirmed that the decision to grant or deny oral argument rests within the discretion of the PCR court. 344 N.J. Super. 382, 386 (App. Div. 2001). We noted, however, that "there should be a significant presumption in favor of oral argument. In light of what is at stake for a defendant, a safeguard designed to ensure that a defendant was not unjustly convicted should be provided in a meaningful manner." <u>Id.</u> at 387–88. We

5

identified a list of circumstances a PCR court should consider in exercising its discretion, including

> the apparent merits and complexity of the issues raised, whether the petition is an initial application,[1] whether argument of counsel will add to the written positions that have been submitted, and in general, whether the goals and purposes of the post-conviction procedure are furthered by oral argument.
>
> [Id. at 387]

We remanded for oral argument on the defendant's petition. Id. at 388. We did not retain jurisdiction. Ibid.

In State v. Parker, our Supreme Court provided additional guidance on when a request for oral argument should granted. 212 N.J. 269 (2012). The defendant in that case was charged with murder after repeatedly stabbing the victim and pled guilty to aggravated manslaughter. Id. at 273–74. He did not file a direct appeal but later filed a petition for PCR claiming ineffective assistance of counsel. Id. at 275. The PCR court reviewed the papers and denied the defendant's petition without convening an oral argument. On appeal, we affirmed the denial in an unpublished opinion, noting that the decision to grant

---

[1] We note that the list of relevant considerations set forth in Mayron suggests that oral argument could be appropriate in a second or subsequent PCR petition.

oral argument is discretionary and there was no basis upon which to second-guess the PCR court's exercise of that discretion.  Id. at 276–77.

The Supreme Court, noting it was "unable to agree fully with either party['s contention that oral argument should be granted as of right or should rest soundly within the discretion of the PCR court,]" remanded for the PCR court to convene oral argument.  Id. at 278.  The Court explained that, "[w]hile we decline to hold as a matter of law that each defendant has a right to present oral argument to the trial judge in support of a petition for post-conviction relief, we are also satisfied that this defendant was entitled to oral argument, and we thus reverse and remand[.]"  Id. at 278.  The Court recognized that PCR judges have discretion in weighing the Mayron factors but stressed that the considerations "should be approached with the view that oral argument should be granted."  Id. at 282.

Importantly for purposes of the present appeal, the Court added that if the PCR judge determines the arguments presented in the papers do not warrant oral argument, "the judge should provide a statement of reasons that is tailored to the particular application, stating why the judge considers oral argument unnecessary."  Id. at 282–83.  As in Mayron, the Court in Parker ordered a remand for oral argument and did not retain jurisdiction.  Id. at 284.

A-1060-19

In the matter before us, the PCR court did not provide a statement of reasons for denying defendant's request for oral argument. Indeed, the record fails to indicate that the PCR court even considered that request. We cannot give deference to the PCR court's exercise of discretion where the record does not show that such discretion was exercised.

It may well be true in this case that nothing that might be said at oral argument would change the result. It is not our place, however, to draw that conclusion on our own initiative. The lesson we glean from <u>Parker</u> and <u>Mayron</u> is that a reviewing court should not assume that oral argument would be a perfunctory ritual. Rather, the decision whether to grant or deny a request for oral argument must be made by the PCR court on a case-by-case basis. And, if the PCR court denies the request, it should supply a statement of reasons explaining its determination.

In this instance, the problem is compounded by the State's failure to acknowledge this procedural issue in its response brief. We can appreciate that the PCR court's failure to consider defendant's request for oral argument may have been an unintentional oversight. The court ruled on the papers and may have missed the request for oral argument in the spate of filed documents. The State on appeal, however, was put on notice of the issue by defendant's

unambiguous point heading, and yet ignored it. We can only presume the State was at a loss to explain and justify the PCR court's tacit decision to deny oral argument.

By ignoring an issue that was clearly raised on appeal, we deem the State to have waived making arguments such as, for example, this matter should not be deemed to be an appeal from a denial of PCR because the court treated it as a motion for a new trial based on newly discovered evidence. See note 1, supra. We recognize it is conceivable that cogent arguments might have been presented to explain why defendant is not entitled to an oral argument. But again, it is not our place to speculate on what those arguments might be, much less to decide them as if we were exercising original jurisdiction.

III.

We reject defendant's contention that he should have been provided counsel to assist with his second petition for PCR. Rule 3:22-6 addresses the assignment of counsel for subsequent PCR petitions and provides that "the matter shall be assigned to the Office of the Public Defender only upon application therefor and showing of good cause." R. 3:22-6(b). The record before us shows that defendant did not apply for a public defender in accordance

9

with <u>Rule</u> 3:22-6(b).  Rather, defendant only made a request for representation in his PCR petition.

IV.

We remand and instruct the PCR court to convene oral argument within sixty days.  We leave to the discretion of the court whether to conduct the oral argument virtually by videoconferencing or by telephone.

Because this matter must be remanded for oral argument, we do not address defendant's substantive contention that he is entitled to a new trial and we offer no opinion on the merits of that contention.

Vacated and remanded for further proceedings consistent with the opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1060-19