**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1364-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID ANTHONY BATTLE,
a/k/a DAVID BLACKMAN,

    Defendant-Appellant.

_____

        Submitted May 21, 2025 – Decided May 30, 2025

        Before Judges Mayer and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 97-09-3979.

        David Anthony Battle, appellant pro se.

        Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David Anthony Battle appeals from the June 8, 2023 Law Division order denying his motion to correct an illegal sentence, proceed as an indigent, for the appointment of counsel, and for oral argument. We affirm.

I.

In 1997, defendant was charged in an indictment with: first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2); unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). In a separate indictment, defendant was charged with possession of a weapon by a certain person, N.J.S.A. 2C:39-7(b).

In 1998, defendant was convicted of all three counts in the first indictment. After a separate trial on the second indictment, defendant was convicted of the certain persons charge.

On May 27, 1998, the trial court merged the possession of a weapon for an unlawful purpose conviction into the murder conviction. For the murder conviction, the court sentenced defendant to life in prison with a thirty-year period of parole ineligibility. The court imposed a concurrent five-year term of imprisonment, with a fifty-percent period of parole ineligibility for the conviction of unlawful possession of a weapon. For the certain persons

A-1364-23

conviction, the court sentenced defendant to a consecutive twenty-year, extended term of imprisonment with a ten-year period of parole ineligibility.

We affirmed defendant's convictions and sentences on direct appeal. State v. Battle, No. A-6720-97 (App. Div. Nov. 17, 1999). The Supreme Court denied defendant's petition for certification. State v. Battle, 163 N.J. 80 (2000).

In a prior opinion, we outlined the succession of petitions and motions for post-conviction relief (PCR) defendant filed:

> Defendant filed his first petition for [PCR] on March 20, 2001, claiming that the assistance provided by his counsel was ineffective on the ground that counsel did not adequately investigate his alibi and file a notice of alibi, nor did the attorney call witnesses who allegedly would support his theory of the case. Defendant also alleged that his counsel's assistance was ineffective because of cumulative errors. In a subsequent petition defendant sought a new trial based on an alleged recantation by the eyewitness to the murder. In the third PCR petition, defendant sought access to the victim's clothing to test for gunshot residue. All relief was denied by the PCR judge who had presided over the trial and imposed sentence.
>
> [State v. Battle, No. A-2917-04 (App. Div. June 27, 2006) (slip op. at 2-3), certif. denied, 189 N.J. 426 (2007).]

In a separate opinion, we detailed defendant's subsequent efforts to challenge his convictions and sentences post-judgment:

Defendant's fourth application for PCR involved three motions. The first sought PCR discovery to examine the victim's clothing for gun powder residue. The second related to an alleged recantation by Valerie Hicks of her trial testimony during an interview with public defender investigators. The third was based on alleged ineffective assistance of trial counsel. The PCR court denied all three motions. Defendant appealed from those rulings, arguing the PCR court erred by denying his motions without an evidentiary hearing. We affirmed, finding no merit in any of defendant's arguments.

Next, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. District Judge Susan D. Wigenton denied the petition and defendant's request for an evidentiary hearing, and declined to issue a certificate of appealability. Battle v. Ricci, Civ. No. 07-1160 (SDW) (D.N.J. Feb. 6, 2008). The United States Court of Appeals for the Third Circuit also denied a certificate of appealability. Battle v. Ricci, No. 08-1613 (3d Cir. July 10, 2008).

[State v. Battle, No. A-5747-17 (App. Div. Feb. 20, 2019) (slip op. at 3-4), certif. denied, 238 N.J. 365 (2019).]

Defendant then filed a motion to correct an illegal sentence because: (1) he received two extended terms; (2) the sentencing judge erred by double counting aggravating factor nine, N.J.S.A. 2C:44-1(a)(9); and (3) at the sentencing hearing, the judge committed plain error by repeating a quote from

President Kennedy's inaugural address, which had been included in a victim's impact statement. Id. at 4.

The judge who denied that motion concluded the sentencing court did not impose two extended sentences in contravention of N.J.S.A. 2C:44-5(a)(2) because defendant's life sentence with thirty years of parole ineligibility is an ordinary sentence for first-degree murder. Id. at 5. The judge also rejected defendant's argument concerning aggravating factor nine and the judge's quotation of the inaugural address. Ibid. The judge found the appointment of counsel and an evidentiary hearing were not warranted because defendant's arguments could be decided based on the trial record. Id. at 6.

We affirmed. Id. at 8. The Supreme Court denied defendant's petition for certification. State v. Battle, 238 N.J. 365 (2019).

Most recently, in March 2023, defendant filed a second motion to correct an illegal sentence. He argues his sentence was illegal because it "was not imposed in accord with the Code" and because "there was no 'overall fairness' assessment conducted before the imposition of a consecutive sentence, and no explicit statement was provided on [the] record concerning the 'overall fairness' of the aggregate sentence" as required by State v. Torres, 246 N.J. 246 (2021). Defendant also sought appointment of counsel and an evidentiary hearing.

On June 8, 2023, the motion court issued a written decision denying defendant's motion. The court found defendant "offers absolutely no support for [his] arguments," and that we rejected defendant's argument his sentence was illegal on direct appeal, precluding him from raising the argument again. The court also reviewed the sentencing transcript and found the sentencing judge carefully analyzed the applicable statutes and legal precedents before imposing a consecutive sentence on defendant for the certain persons offense.

With respect to the other aspects of defendant's motion, the court noted defendant was not required to pay a filing fee for his motion. In addition, the court forwarded defendant's motion to the Office of the Public Defender, which declined to represent him after reviewing its contents. The court found defendant failed to make a showing of good cause warranting appointment of counsel. See Rule 3:22-6(b).[1]

The court also concluded defendant did not have a right to oral argument on his motion. See Rule 1:6-2(d) (providing a right to oral argument on motions only in civil and family matters). Although recognizing it had discretion to grant defendant's request for oral argument, State v. Mayron, 344 N.J. Super. 382, 386

---

[1] Although the rule concerns PCR petitions, the court applied it to defendant's request for appointment of counsel on his motion.

A-1364-23

(App. Div. 2001), the court decided not to do so, given the uncomplicated nature of defendant's arguments.  Finally, the court concluded defendant had not made a prima facie case supporting relief and, as a result, an evidentiary hearing was not warranted.

A June 8, 2023 order memorialized the motion court's decision.

This appeal follows.  Defendant raises the following arguments.

> POINT I
>
> THE TRIAL COURT ABUSED ITS DISCRETION BY SUMMARILY DENYING APPELLANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO RULE 3:21-10(b)(5) WITHOUT A HEARING, ORAL ARGUMENTS, THE OPPORTUNITY TO BRIEF THIS ISSUE BEFORE THE COURT OR THE APPOINTMENT OF COUNSEL.
>
> POINT II
>
> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED A DECISION VOID OF ANY FINDING OF FACTS OR CONCLUSIONS OF LAW ON THE ISSUE RAISED VIOLATED [(SIC)] APPELLANT'S RIGHT TO DUE PROCESS.

## II.

A motion to correct an illegal sentence may be filed at any time.  R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012).  An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense."  State v.

7

Murray, 162 N.J. 240, 246 (2000). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247. "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions" or "include a legislatively mandated term of parole ineligibility." Ibid. We review de novo the motion court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

Having reviewed the record in light of these principles, we agree with the motion court's conclusion that defendant offers no convincing argument the sentence imposed was illegal. Defendant was sentenced in accordance with law. As we previously held, defendant did not receive two extended terms.

In addition, the sentencing judge noted imposition of a concurrent sentence on the certain persons conviction "would be, in effect, to emasculate that statute," which creates a separate crime for the possession of a weapon by a convicted felon, even when the weapon is used to commit another crime. The sentencing judge also stated that defendant's criminal history warranted consecutive sentences because he "does not belong on the streets ever again." These are comments on the overall fairness of the sentences.

A-1364-23

We are not persuaded by defendant's argument he is entitled to a resentencing hearing pursuant to Torres. In Torres, issued nearly twenty-three years after defendant was sentenced, the Court explained its intention "to underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the sentencing factors it set forth in Yarbough. 246 N.J. at 252-53. The Court stated:

> We reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." [State v.] Miller, 108 N.J. [112,] 122 [(1987)]; see also State v. Abdullah, 184 N.J. 497, 515 (2005). Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis." [State v.] Cuff, 239 N.J. [321,] 352 [(2019)].
>
> [Id. at 270.]

The Torres Court did not announce a new rule. It renewed and reemphasized the long-established requirement that a sentencing court provide "an explanation of the overall fairness of [a] consecutive sentence . . . ." Ibid. Because the Court did not create a new rule of law, retroactivity is not applicable. State v. Feal, 194 N.J. 293, 307-08 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) ("[R]etroactivity can arise only where there has been a departure from existing law."). A new sentencing hearing, therefore, is not required.

We have considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1364-23