**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5053-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SHEM WALKER,

      Defendant-Appellant.

_____

Submitted May 6, 2019 – Decided June 10, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 03-09-3069.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the February 9, 2018 Law Division order denying his second petition for post-conviction relief (PCR) without oral argument or an evidentiary hearing. For the reasons that follow, we affirm.

Following a jury trial, defendant was convicted of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1; first-degree robbery, N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree manslaughter as a lesser included offense of murder, N.J.S.A. 2C:11-4(b)(1); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). The convictions stemmed from defendant and a co-defendant brutally stabbing the victim to death in the course of a robbery at the victim's home. A blood stain, fingerprint, and palm print found at the crime scene matched defendant's, and, in a Mirandized[1] statement, defendant admitted being at the scene, but attributed the plan to rob the victim as well as the actual stabbing to his co-defendant.[2] At trial, contrary to his statement, defendant denied witnessing his co-defendant stab the victim, denied observing a weapon, denied ransacking the victim's home looking for money, and claimed he left the

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] Following a Rule 104 hearing, the statement was ruled admissible at trial. N.J.R.E. 104(a).

scene while his co-defendant was still fighting with the victim. His co-defendant entered a negotiated guilty plea to first-degree aggravated manslaughter, but did not testify at defendant's trial.

On February 23, 2006, defendant was sentenced to an aggregate term of thirty years' imprisonment, with a thirty-year period of parole ineligibility. Defendant filed a direct appeal, "rais[ing] two instructional errors, namely the judge's failure to sua sponte charge the jury on the statutory affirmative defense to felony murder and his omission of a charge on 'afterthought robbery' as a lesser included offense of robbery." State v. Walker, No. A-4542-05 (App. Div. Apr. 8, 2009) (slip op. at 2). After we affirmed the convictions and sentence, id. at 27, the Supreme Court granted defendant's petition for certification, "limited to the issue of whether the trial court's failure to instruct the jury regarding the statutory affirmative defense to felony murder constituted plain error." State v. Walker, 201 N.J. 146 (2009). However, the Court later affirmed our decision. State v. Walker, 203 N.J. 73 (2010).

On September 20, 2010, defendant moved for a new trial pursuant to Rule 3:20-1, based on newly discovered evidence. In a supporting certification, despite the fact that his co-defendant's plea transcript had been available to him for at least one year before his trial, defendant claimed the co-defendant's plea

allocution, purportedly indicating defendant had nothing to do with the victim's death, was exculpatory. Defendant also claimed that his co-defendant's handwritten "notarized affidavit" submitted with the motion, indicating that defendant had no knowledge of the victim's death because he left the house before the victim was killed, constituted a recantation, notwithstanding the fact that his co-defendant never testified at defendant's trial.

On April 21, 2011, the motion judge denied defendant's motion, explaining that because his co-defendant "was not a witness at [defendant's] trial[,]" the jury's guilty verdict "was not based on [his] statements." Additionally, according to the judge, "the plea allocution [was] incriminatory and not exculpatory[,]" "was readily available to . . . defendant before trial," and "would not 'change the jury's verdict if a new trial was granted.'" See State v. Ways, 180 N.J. 171, 187 (2004) (reciting the standard for a new trial based on newly discovered evidence). The judge also determined that after "comparing the plea allocution" with "the [co-defendant's] affidavit," the "only logical conclusion" was that "the affidavit [was] 'the product of fabrication' and undoubtedly rehearsed." In an unpublished opinion, we affirmed the decision, substantially for the reasons expressed by the motion judge, State v. Walker, No. A-4480-10 (App. Div. June 7, 2012) (slip op. at 6), and the Supreme Court

4

dismissed the notice of petition for certification as deficient. State v. Walker, No. M-0532 (Dec. 5, 2012).

On August 5, 2011, defendant filed his first PCR petition, asserting ineffective assistance of trial and appellate counsel and violation of his constitutional rights. Defendant asserted trial counsel was ineffective for failing to: 1) request jury instructions on the affirmative defense to felony murder; 2) present the co-defendant's plea allocution as exculpatory evidence; 3) explore the circumstances of defendant's statement; 4) use the autopsy report to challenge the medical examiner; 5) object to several instances of prosecutorial misconduct and the admission of unrelated and prejudicial evidence during jury deliberation; and 6) investigate defendant's special education background. Defendant also asserted that appellate counsel was ineffective for failing to challenge the admissibility of his statement on appeal.

On June 4, 2013, the PCR court denied his application on procedural and substantive grounds.[3] The court noted the petition was filed more than five years after the judgment of conviction and defendant failed to establish excusable neglect for the delay. See R. 3:22-12(a)(1). Additionally, the court concluded

---

[3] In his application, defendant had also sought additional jail credits, which the court granted.

5                                                                                    A-5053-17T4

defendant failed to establish a prima facie case of ineffective assistance of counsel [IAC] under the standard formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42, 49 (l987).[4]  In an unpublished decision, we affirmed the denial of defendant's PCR application.  State v. Walker, No. A-1852-13 (App. Div. May 5, 2015).

On February 16, 2017, defendant filed a second PCR petition, arguing ineffective assistance of trial counsel, PCR counsel, and appellate counsel. Defendant asserted trial counsel was ineffective for failing to: 1) object to the admission of evidence that defendant was in custody on an unrelated charge; 2) request an adverse inference charge for the non-production of police notes taken during defendant's interrogation; 3) call as witnesses other detectives who were present during the interrogation; and 4) inform defendant of a favorable plea offer.  Defendant asserted PCR counsel and appellate counsel were ineffective for failing to raise all the grounds insisted upon by defendant, including failing

---

[4]  To prevail on a claim of IAC, a defendant must satisfy a two-part test. Specifically, the defendant must show that his attorney's performance was deficient and that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

to perfect a petition for certification to the Supreme Court after we affirmed the denial of his first PCR petition.

On February 9, 2018, in a written decision, the PCR court denied defendant's petition on the papers. Applying Rule 3:22-5, the court explained that defendant's claim of ineffective assistance of trial counsel was already adjudicated by this court, affirmed on appeal, and cannot be revisited. See R. 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings."); see also R. 3:22-4(a) (precluding raising any ground for relief in a PCR proceeding that was not raised in prior proceedings unless "the ground . . . could not reasonably have been raised" previously, "enforcement of the bar . . . would result in fundamental injustice[,]" or the "denial of relief would be contrary to a new rule of constitutional law").

Next, applying Rule 3:22-12(a)(2), which, according to the court, "requir[es] a second or subsequent PCR to be filed within one year of the date on which the claim becomes cognizable," the court determined that defendant's February 16, 2017 "claims of ineffective assistance of appellate counsel . . . [were] procedurally barred" because the "denial of [defendant's] first PCR

[petition] was affirmed on May 5, 2015." Additionally, the court found "there [was] no fundamental injustice present . . . to justify relaxing this time bar."

Citing State v. Rountree, 388 N.J. Super. 190, 206 (App. Div. 2006), the court also rejected defendant's IAC claims on substantive grounds, stating:

> [E]ven viewing the facts in the light most favorable to [defendant], [the] petition does not set forth a prima facie case of ineffecive assistance of appellate [and] PCR counsel because you have not demonstrated actual prejudice – that your attorney[s'] performance affected the outcome. . . . You merely assert that your appellate counsel and post-conviction relief attorney did not raise the arguments that you allege your trial counsel should have raised. However, [a]ppellate and PCR counsel did not have an obligation to raise such meritless arguments.

The court entered a memorializing order and this appeal followed.

On appeal, defendant presents the following arguments for our consideration:

> POINT I – THIS MATTER MUST BE REMANDED BECAUSE . . . DEFENDANT WAS NOT AFFORDED ORAL ARGUMENT. (NOT RAISED BELOW).
>
> POINT II – . . . DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN PROCEDURALLY BARRED; THEREFORE THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING . . . DEFENDANT'S CLAIMS.

We are unpersuaded by any of these arguments.

We review the legal conclusions of a PCR court de novo.  State v. Harris, 181 N.J. 391, 419 (2004).  The de novo standard of review also applies to mixed questions of fact and law.  Id. at 420.  Moreover, where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  Id. at 421.

"Procedural bars exist in order to promote finality in judicial proceedings."  State v. McQuaid, 147 N.J. 464, 483 (1997).  Subject to limited exceptions, "Rule 3:22-4 imposes a procedural bar to prevent claims from being raised on PCR that reasonably could have been raised on direct appeal."  Ibid. "Additionally, a defendant may not use a petition for post-conviction relief as an opportunity to relitigate a claim already decided on the merits[,]" and, thus, under Rule 3:22-5, a prior adjudication on the merits bars a defendant from reasserting an identical or substantially equivalent issue in a proceeding for PCR.  Ibid.

Another procedural bar to PCR review is set forth in Rule 3:22-12.  Under that rule, "second or subsequent petition[s] for post-conviction relief shall be dismissed unless: (1) [they are] timely under Rule 3:22-12(a)(2)[.]"  State v. Jackson, 454 N.J. Super. 284, 291 (App. Div.) (third alteration in original)

(quoting R. 3:22-4(b)), certif. denied, 236 N.J. 35 (2018).  Rule 3:22-12(a)(2)

provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where [IAC] that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Here, defendant's present PCR petition is untimely under Rule 3:22-

12(a)(2).  Defendant claims no newly recognized constitutional right, Rule 3:22-

12(a)(2)(A), no recently discovered previously unknown factual predicate for

the relief sought, Rule 3:22-12(a)(2)(B), and failed to file within one year of the

order denying the preceding petition.  R. 3:22-12(a)(2)(C).  The strict time bar

imposed under Rule 3:22-12(a)(2) may not be ignored or relaxed.  Jackson, 454

10

N.J. Super. at 292-94; see also R. 1:3-4(c) (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12").

Further, defendant's claims of fundamental injustice provide no refuge from the denial of the petition because, unlike Rule 3:22-12(a)(1)(A), which applies to the filing of a first PCR petition, Rule 3:22-12(a)(2) does not allow relief from the mandatory time bar based on fundamental injustice. See Jackson, 454 N.J. Super. at 293-94 (explaining that Rule 3:22-12(a)(1)(A), which allows for the late filing of a first PCR petition where excusable neglect and a fundamental injustice are shown, "has no application to second or subsequent petitions"). Because "enlargement of Rule 3:22-12's time limits 'is absolutely prohibited[,]'" defendant's present PCR petition was properly dismissed as mandated by Rule 3:22-4(b)(1), id. at 292 (citations omitted), and the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("'If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted.'" (alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

We are also satisfied that, while there is "a significant presumption in favor of [allowing] oral argument" on a PCR petition, State v. Mayron, 344 N.J. Super. 382, 387 (App. Div. 2001), some petitions may be so facially without merit as to not warrant oral argument.

> The question of whether oral argument is granted on a petition for post-conviction relief remains within the sound discretion of the post-conviction relief court. That discretion is guided by such considerations as the apparent merits and complexity of the issues raised, whether the petition is an initial application, whether argument of counsel will add to the written positions that have been submitted, and in general, whether the goals and purposes of the post-conviction procedure are furthered by oral argument.

> [Ibid.]

Although our Supreme Court has determined that trial judges should approach consideration of those factors "with the view that oral argument should be granted[,]" it "recognize[d] the residuum of discretion that rests within our trial judges in weighing those factors[.]" State v. Parker, 212 N.J. 269, 282 (2012). "Further, when the trial judge does reach the determination that the arguments presented in the papers do not warrant oral argument, the judge should provide a statement of reasons that is tailored to the particular application, stating why the judge considers oral argument unnecessary." Ibid. "A general reference to the issues not being particularly complex is not helpful

to a reviewing court when a defendant later appeals on the basis that the denial of oral argument was an abuse of the trial judge's discretion." Id. at 282-83.

Here, we discern no abuse of discretion and are convinced that the present petition falls into that limited category of cases wherein oral argument was not warranted. See State v. Flores, 228 N.J. Super. 586, 589-90 (App. Div. 1988) (finding "no abuse of the trial court's discretion in disposing of defendant's petition on the papers submitted" where the sole issue raised was uncomplicated and lent itself to disposition without oral argument). While not explicit, the PCR court's written decision detailing its reasons for denying the application provided a sufficiently tailored explanation why the court considered oral argument unnecessary. Based on our decision, we need not reach the merits of defendant's remaining arguments. See Jackson, 454 N.J. Super. at 297.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-5053-17T4