**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5444-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MILES MCCLOUD, a/k/a
MATHEW MCCLOUD,
MATHEW REEVES,
NAHSEIM RUSSELL,
and NASEIM RUSSELL,

    Defendant-Appellant.

_____

        Submitted December 2, 2020 – Decided February 9, 2021

        Before Judges Fuentes and Whipple.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 05-07-1664, 06-03-0779 and 06-03-0785.

        Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

        Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the April 29, 2019, Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2005, defendant plead guilty to third-degree possession of controlled dangerous substances (CDS) with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and was sentenced to a three-year prison term. The next year, an Essex County grand jury returned two more indictments charging defendant with a total of twelve drug-related offenses. For these new charges, defendant pled guilty to third-degree conspiracy to possess CDS, N.J.S.A. 2C:35-10, two counts of third-degree possession with intent to distribute within 1,000 feet of a school zone, N.J.S.A. 2C:35-7 and third-degree possession with intent to distribute, N.J.S.A. 2C:35-5(a)(1). The trial court sentenced defendant to an aggregate four years and the remaining ten counts were dismissed.

On July 11, 2018, defendant filed this petition for PCR. In his petition, defendant argued general assertions. He focused on how his plea attorney was ineffective in counseling him to accept a plea offer, as well as specifically asserting that his plea attorney failed to advise him that if he committed federal

offenses in the future, he would be subject to enhanced penalties because of his State convictions.  At the time of his plea hearing, Judge Michael A. Petrolle tried to have defendant brought to court for oral argument but could not because he was in federal custody on new charges after having served his New Jersey state sentence.  Finally, on April 29, 2019, Judge Petrolle heard the matter over counsel's objection that defendant was not produced by the Bureau of Prisons. The judge stated:

> [T]hey're indicating that they need some other paperwork.
>
> This is not expected to be a testimonial hearing and this matter has to be addressed.  I gave you an adjourned date in order to try to get the prisoner here, but I'm not receiving cooperation from the Federal Government. And, therefore, in the absence of the need for a testimonial hearing, he has no right to be present.  Since he had no right to be present, I expect to proceed today.

Following oral argument, the judge rendered an oral opinion denying defendant's petition for PCR on the merits.  The judge found that an evidentiary hearing was not required because there was no dispute as to any of the material facts underlying defendant's petition as they were largely "bald assertions."  The judge accepted, however, defendant's contention that his plea attorney did not tell him that if he continued to commit crimes, he would face enhanced

3

punishment. But on that front, the court found enhanced penalties for further criminal activity were a matter of "common sense."

Citing State v. Wilkerson, the judge held that defendant's plea counsel had no duty to give advice concerning the sentencing features of other state or federal laws. 321 N.J. Super. 219, 223 (App. Div. 1999). Thus, the judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, which requires a showing that plea counsel's performance was deficient and that, but for deficient performance, the result would have been different. 466 U.S. 668, 687 (1984). This appeal followed.

On appeal, defendant raises the following points.

> POINT I: THE DEFENDANT WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 1 OF THE NEW JERSEY CONSTITUTION BY THE UNEXPLAINED FAILURE OF THE FEDERAL GOVERNMENT TO PRODUCE THE DEFENDANT SO THAT HE MAY CONSULT WITH COUNSEL AND PARTICIPATE MEANINGFULLY IN HIS [PCR] PROCEEDING.
>
> POINT II: THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, PAR 10 OF THE NEW JERSEY CONSTITUTION.

A. Trial Counsel Failed to Explain the Collateral Consequences of the Guilty Pleas that Bear Directly on Defendant's Liberty Interests.

B. Trial Counsel Failed to Investigate the Case.

C. Trial Counsel Coerced the Defendant into Entering Guilty pleas.

POINT III: THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT IV: THE OUT-OF-TIME PCR FILING WAS DUE TO EXCUSABLE NEGLECT.

POINT V: THE DEFENDANT IS ENTITLED TO DE NOVO REVIEW, AND NO DEFERENCE SHOULD BE GIVEN TO THE ERRONEOUS CONCLUSION BELOW.

In defendant's first point on appeal, he asserts that he was denied his right to a fairly conducted PCR hearing because the PCR judge abused his discretion in ruling defendant did not have the right to be present. We disagree.

Although a defendant "must be present for every scheduled event unless excused by the court for good cause shown," Rule 3:16(a), at a PCR hearing, a "defendant's presence is not required . . . except as provided in R. 3:22-10." R. 3:16(b). Rule 3:22-10(a) specifies that "[a] defendant in custody may be present in court in the court's discretion" and "shall be entitled to be present when oral

A-5444-18

testimony is adduced."  See also State v. Mayron, 344 N.J. Super. 382, 386 (App. Div. 2001) (noting that the language of Rule 3:22-10 "permits, but does not mandate, [a] defendant's presence when a [PCR] petition is heard") (citing State v. Flores, 228 N.J. Super. 586, 589-90 (App. Div. 1988)).

We are satisfied that the PCR judge did not abuse his discretion in conducting the PCR hearing in defendant's absence.  See United States v. Scurry, 193 N.J. 492 (2008) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). (explaining how a trial court decision will constitute an abuse of discretion where "the 'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'").  The judge explained no oral testimony was taken, and despite unsuccessful attempts to bring defendant to the PCR hearing, the hearing could proceed because defendant was not entitled to be present.  R. 3:22-10.

Having reviewed the record in its entirety, we find no merit to defendant's remaining arguments.  The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact

lie outside the record and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

To establish a prima facie claim of ineffective assistance of counsel, defendant must satisfy two prongs. See State v. O'Neil, 219 N.J. 598, 611. First, he must show that his attorney failed to "function[] as the 'counsel guaranteed' the defendant by the Sixth Amendment." Ibid. (citing Strickland, 466 U.S. at 687). An attorney's performance "is deficient when 'it [falls] below an objective standard of reasonableness.'" Ibid. (citing Strickland, 466 U.S. at 488).

Second, a defendant must show that the deficient performance prejudiced the defense. See State v. Marshall, 148 N.J. 89, 157 (1997) (citations omitted). A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a fair trial. Ibid. The prejudice standard is met if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. A reasonable probability simply means a probability sufficient to undermine confidence in the outcome of the proceeding. O'Neil, 219 N.J. at 611 (citations omitted).

To set aside a guilty plea on an ineffective assistance of counsel theory, "a defendant must show that (i) counsel's assistance was 'not within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a

7

reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See R. 3:22-10; State v. Preciose, 129 N.J. 451, 462 (1992). We discern no abuse of discretion here.

We also find no support for the proposition that a defendant must be advised of the potential consequences of future criminal activity. Whether one will be foreclosed from a potential diversionary program in the event of a future crime is far different from being exposed to additional loss of liberty or rights as a result of a crime already committed. Holding otherwise would add to a counsel's duties an obligation to advise on a plethora of consequences which have no logical stopping point. Judge Petrolle correctly relied upon our decision in Wilkerson, where we held there is "no constitutional requirement that a defense attorney must advise a client or defendant that if he or she commits future criminal offenses that there may be adverse consequences by way of enhancement of the penalty" in connection with a plea agreement. 321 N.J. Super. at 223. Instead, we noted that "generally individuals should be aware as

a matter of common sense that a continuing course of anti-social or criminal conduct may lead to increased penalties." Ibid. Because defendant's plea attorney was therefore not ineffective for failing to provide this advice, defendant was unable to meet either of the Strickland prongs.

Defendant's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5444-18