**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2351-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANKIE N. GONZALES,

     Defendant-Appellant.

_____

Submitted October 23, 2024 – Decided December 2, 2024

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-10-1273.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Frankie Gonzales, appeals from the October 25, 2022 order denying his first petition for post-conviction relief (PCR). He also appeals from the February 10, 2023 order denying his motion for reconsideration of the October order. We affirm.

Following a jury trial:

> [d]efendant was convicted of fourteen crimes . . . : three counts of first-degree carjacking, N.J.S.A. 2C:15-2(a)(2) to (4); second-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); third-degree criminal restraint, N.J.S.A. 2C:13-2(a); two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(2) to (3); second-degree eluding, N.J.S.A. 2C:29-2(b); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); two counts of third-degree terroristic threats, N.J.S.A. 2C:12-3(a) to (b); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); third-degree theft of a motor vehicle, N.J.S.A. 2C:20-3(a); and fourth-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a).
>
> [State v. Gonzales, No. A-1869-16 (App. Div. Apr. 4, 2019) (slip op. at 1-2).]

An amended judgment of conviction was entered on March 23, 2015. Defendant filed a direct appeal arguing "that evidentiary errors, prosecutorial misconduct and an excessive sentence require[d] reversal." Id. at 1. We affirmed.[1] Ibid.

---

[1] The New Jersey Supreme Court denied certification, 240 N.J. 20 (2019).

Defendant filed a petition for PCR.  In a written opinion, the PCR judge found defendant "was sentenced on February 26, 2015" and "[o]n March 25, 2015, [defendant's] judgment of conviction was amended."  He also found defendant's direct appeal was decided on April 4, 2019.  In addition, the judge found defendant did not "file for PCR until June 22, 2021; six years and three months [from the date of sentencing], or six years and two months" from the date of the amended judgment of conviction.  Therefore, applying Rule 3:22-12(a)(1), which provides a PCR petition "shall be filed . . . no more than [five] years after the date of entry . . . of the judgment of conviction that [wa]s being challenged," the judge concluded defendant's petition was "out of time."

The judge considered Rule 3:22-12(a)(1)(A), which allows a filing beyond the five-year period if the petition "allege[d] facts showing that the delay beyond said time was due to defendant's excusable neglect and that there [wa]s a reasonable probability that if the defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice."

However, the judge concluded that defendant's proffered reason for excusable neglect—his appeal was pending—was unavailing because defendant's "direct appeal of his 2015 conviction did not toll the requirement that he file his PCR application within the required timeframe," citing State v.

Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986). Further, the judge concluded there was "[in]sufficient proof of a 'fundamental injustice,'" citing Rule 3:22-12(a)(1)(A). The judge entered the October order denying PCR.

Defendant filed a motion for reconsideration. Defendant contended "that oral argument was required on his initial PCR application" and "that the [judge] erred in finding no excusable neglect in order to toll the five-year bar."

In a written opinion, the PCR court noted "there [wa]s a strong presumption in favor of oral argument in connection with an initial petition for" PCR, citing State v. Parker, 212 N.J. 269, 283 (2012). Nonetheless, the court stated the "decision to entertain oral argument on a PCR petition [wa]s committed to 'the sound discretion of [PCR] court,'" citing State v. Mayron, 344 N.J. Super. 382, 387 (App. Div. 2001). Further, the court noted the exercise of discretion involved:

> several factors, including "the apparent merits and complexity of the issues . . . , whether argument of counsel [would] add to the written positions . . . , and in general, whether the goals and purposes of the [PCR] procedure are furthered by oral argument."
>
> [(citation omitted) (quoting Parker, 212 N.J. at 282 (quoting Mayron, 344 N.J. Super. at 384)).]

As to the timeliness issue, the judge recited defendant's argument that:

A-2351-22

it [wa]s well recognized that defendant [wa]s barred from filing a claim in two different courts. Defendant had filed an appeal [which] was not decided until April 2019. The five-year statute of limitations . . . [wa]s tolled and does not begin until after April 2019, and thus, the initial filing of defendant's pro se petition for [PCR wa]s timely.

[(Third alteration in original).]

The judge concluded oral argument was unnecessary on the initial petition because its "determination was based upon rules and case law." Thus, "argument of counsel would [not] add to the written submission." Further, the "issue was not considered to be complex, but . . . clearly addressed by the language of Rule 3:22-12(b)."

The judge, relying on Dillard, concluded:

Rule 3:22-12(b), states that the time limitations within the rule "shall not be relaxed, except as provided herein." It is well-established that the five-year period prescribed within paragraph (a)(1) is to commence when a judgment of conviction is entered and is neither stayed, nor tolled, by appellate or other review proceedings. . . . . There is no provision in the Rule which govern[s] postconviction filings that call for a tolling of the time to file when a direct appeal is pending.

On appeal, defendant argues:

THIS MATTER MUST BE REMANDED FOR ORAL ARGUMENT.

A-2351-22

IN THE ALTERNATIVE, THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT]'S PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME-BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

Defendant argues that a remand for oral argument is necessary because "the trial court did not have a full understanding of [defendant]'s issues" as "PCR counsel made only barebones statements about the claims in his pleadings, presenting nothing more than a mere outline." Moreover, a remand for oral argument would allow the PCR court "to consider other reasons for relaxing the time-bar which could have been raised." The purported reasons included: (1) "the COVID pandemic started just around the time that [defendant] would have filed his petition" and PCR "counsel . . . might not have been able to adequately communicate with" defendant or PCR "counsel may never have even talked to" defendant. Moreover, "counsel could have argued the prima facie merits of [defendant]'s petition, proving that a fundamental injustice would occur without a hearing."

In the absence of a remand for oral argument, defendant argues that his PCR petition should have been accepted because "his delay in filing his petition

was due to excusable neglect and because there [wa]s a reasonable probability that if [his] factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice."

In contending his delay was caused by "excusable neglect," defendant asserts that "his petition was less than one year late, and likely further delayed due to the COVID pandemic" and "he could well have had trouble obtaining all necessary supporting documents as he was incarcerated."

Moreover, he argues there would be a fundamental injustice because he "raised colorable constitutional claims of ineffective assistance of counsel which should not be short-circuited by an overly strict imposition of the time-bar." Defendant contends trial counsel: (1) "spent almost no time with him and never advised him about whether he should accept the [S]tate's plea offer or go to trial; [and] had he been adequately advised, he would have accepted the plea offer"; (2) "conceded [defendant]'s guilt during trial"; (3) "failed to investigate"; (4) "failed to present [defendant]'s defense"; (5) "failed to file a suppression motion"; and (6) failed "to object to a crucial issue raised on appeal – that the [S]tate in effect informed the jury that [defendant] had been released from custody on the day of the offense – meant that it was reviewed under the more stringent plain error standard."

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). Nonetheless, "[a]ppellate review is not limitless." State v. Robinson, 200 N.J. 1, 19 (2009). "The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." Ibid. It is well established that we will not consider an argument which was not raised before the trial court. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). Thus, we "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

"[PCR] provide[s] a built-in 'safeguard that ensures that a defendant [is] not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

Under Rule 3:22-12(a)(1)(A), a first petition for PCR must be filed no

> more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:

> (A) it alleges facts showing that the delay beyond said time was due to defendant's <u>excusable neglect</u> <u>and</u> that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a <u>fundamental injustice</u>.
>
> [(Emphasis added).]

"The concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." <u>State v. Norman</u>, 405 N.J. Super. 149, 159 (App. Div. 2009). Therefore, "[t]o determine whether a defendant has asserted a sufficient basis for relaxing the <u>Rule's</u> time restraints, we 'should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits.'" <u>Ibid.</u> (internal quotation marks omitted) (quoting <u>State v. Afanador</u>, 151 N.J. 41, 52 (1997)). "[A] misunderstanding of the meaning of [<u>Rule</u> 3:22-12] would not constitute 'excusable neglect.'" <u>State v. Dugan</u>, 289 N.J. Super. 15, 22 (App. Div. 1996).

"A fundamental injustice occurs 'when the judicial system has denied a defendant with fair proceedings leading to a just outcome or when inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a

9 <span style="float:right">A-2351-22</span>

miscarriage of justice.'" State v. Hannah, 248 N.J. 148, 179 (2021) (internal quotation marks omitted) (quoting Nash, 212 N.J. at 546). "To demonstrate a fundamental injustice, a defendant must show 'that an error or violation played a role in the determination of guilt.'" Ibid. (internal quotation marks omitted) (quoting Nash, 212 N.J. at 547).

Defendant contends he establishes a fundamental injustice because he was provided with ineffective assistance of trial counsel. To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

Applying these well-established principles, we conclude defendant's arguments are unavailing. First, we reiterate that our review is constrained to the argument made to the PCR court. Before the PCR court, defendant argued that the time for filing his petition was tolled pending his appeal. Therefore, he argued his petition was timely, having been filed within five years of our opinion concluding his appeal. However, it has long been established that "there is no

provision for tolling in R[ule] 3:22-12 by reason of a direct appeal from the conviction being available or actually having been filed." Dillard, 208 N.J. Super. at 727. Therefore, defendant's argument to the PCR court was misguided. We find no error in the PCR court's denial of the petition as untimely, having not been filed within five years of the amended judgment of conviction.

Second, considering defendant's argument was clearly misguided, we conclude the PCR court did not abuse its discretion by denying oral argument.[2] An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Servs., 779 F.2d 1260, 1265 (7th Cir. 1985)). The judge considered the relevant factors under Parker, and determined oral argument would not further the purposes of the petition. There was no abuse of discretion in that determination.

Third, defendant's misunderstanding regarding the effect of his appeal on the PCR timeframes would not amount to excusable neglect. See Dugan, 289 N.J. Super. at 22. Moreover, even if we were to consider his appellate

---

[2] We note the PCR court held oral argument on defendant's motion for reconsideration.

arguments—there was excusable neglect because his petition was "likely" delayed due to the COVID-19 pandemic or he "could" have had trouble obtaining documents because he was incarcerated—the arguments amount to nothing more than conjecture. Indeed, defendant's certification does not mention COVID-19 or his incarceration as reasons for his failure to timely file his PCR petition.

Having concluded defendant's PCR petition was untimely, and that he failed to establish excusable neglect, we need not reach his claims of fundamental injustice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION